Argued 19 March, decided 16 April, 1907.

## COOPER *v.* STRAUBER.

89 Pac. 641.

MORTGAGES—ABSOLUTE DEED—EVIDENCE.

In a suit to have a deed declared a mortgage, and for permission to redeem, on the claim that plaintiff transferred his interest in the contract for the deed to defendant only to secure a loan, evidence examined, and *held* sufficient to sustain the finding, that the transfer was intended as an absolute sale of plaintiff's interest in the contract.

From Polk: WILLIAM GALLOWAY, Judge.

Suit by Alexander Cooper against Michael Strauber and wife to declare a deed in favor of defendants, a mortgage, and for permission to redeem. From a decree in favor of defendants, plaintiff appeals. AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Frank Holmes.*

For respondent there was a brief and an oral argument by *Mr. Carey F. Martin.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit to declare a deed held by the defendant to certain real property to be a mortgage, and for permission to redeem. On September 30, 1902, the plaintiff contracted with Tilmon Ford for the purchase of the real property in controversy, for the sum of $690. One hundred dollars of the purchase price was paid down, and the remainder was to be paid in installments on May 1st of each year. At the time of the contract the plaintiff and his son, William, were partners, and the first payment was made from the proceeds of logs cut and

sold by them. After the making of the contract the plaintiff and his son went into possession of the property and cut and sold from the land, logs, from the proceeds of which they made payment of $200 on May 1, 1903. On February 6, 1904, the plaintiff assigned and transferred to the defendant, who is the father-in-law of William, all his interest in the Ford contract for $160, and thereafter the latter made the deferred payments, and on March 25, 1905, received a deed from Ford. The son William died in August, 1904. The plaintiff alleges and testifies that the assignment and transfer of his interest in the Ford contract to the defendant was for the purpose of securing the payment of $160 borrowed by him; while the defendant claims that the plaintiff and his son, being unable to agree, he (defendant) purchased the plaintiff's interest in the contract at the request of the son or of the son's wife.

The court below found in favor of the defendant, and in our opinion its finding is supported by the great weight of the testimony. The plaintiff's testimony stands practically alone and uncorroborated, while that of the defendant is supported by that of William's wife, Mr. Carey F. Martin and Mr. Ford. Mrs. Cooper says that the plaintiff and her husband did not get along harmoniously, in consequence of which it was agreed between them, in her presence, that if her husband could raise the money, the plaintiff would sell out to him for $160, which was his share of the money paid on the contract, with interest. At her husband's request, she telephoned her father, the defendant, to ascertain whether he could furnish the money, and made an appointment with him to meet her husband and the plaintiff at Salem, to consummate the sale; that on the day appointed her husband and his father went to Salem for the purpose stated, and on their return told her that they had consummated the deal as agreed upon, and plaintiff said: "My father had everything in his hands now that he deeded it away to him"; that plaintiff remained on the place for a short time thereafter, and then went away and did not return for a month or such a matter; that after the death of her husband, in August, 1904, the

plaintiff took and removed from the place all the things belonging to or claimed by him.

The defendant testified that in response to a telephone message from his daughter, he came to Salem, on February 6, 1904, prepared to purchase the plaintiff's interest in the Ford contract; that after having the contract examined by an attorney, and ascertaining that it could be lawfully assigned, he made the purchase and paid the consideration; that the transaction was intended to be, and was, an absolute sale and transfer of all plaintiff's interest, and was not intended as a mortgage.

Mr. Martin says that on February 6, 1904, the defendant brought the Ford contract to him, to ascertain if it could be lawfully assigned without Mr. Ford's consent, and being advised that it could, he and plaintiff, and plaintiff's son, later came into the office and witness wrote out the assignment, and it was executed and acknowledged by the plaintiff; that before it was executed he inquired of the plaintiff if he understood the nature of the assignment, and plaintiff replied that he did; that it was stated at the time by some of the parties, witness does not remember who, that by the transfer plaintiff sold all his interest, and that thereafter Mr. Ford would have a new paymaster; that at witness' suggestion the parties went over to Ford's office and notified him that plaintiff had sold out to defendant, and that defendant would make the deferred payments on the contract.

Mr. Ford testified that some time after the death of William Cooper the plaintiff told him that he did not claim any interest in the land, but had a claim against the estate of his son, which he wished to collect; that while the contract with the witness for the purchase of the land was in plaintiff's name, his son, William, had a one-half interest therein, but that he, plaintiff, had sold out to his son, or his son's wife, for $160, which was borrowed of the defendant.

This testimony shows quite clearly that the assignment and transfer from the plaintiff to the defendant was intended as a sale of all his interest in the Ford contract, and that he is mistaken in the contention now made.          AFFIRMED.